## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAMS FIELD SERVICES
COMPANY, LLC,

        Plaintiff,

    v.

TODD E. GREENWOOD, JAMES F.
GREENWOOD, and JEFFREY A.
GREENWOOD,

        Defendants.

No. 3:19-CV-01545

(Judge Brann)

### MEMORANDUM OPINION

#### AUGUST 12, 2021

Pending before this Court are dueling motions for summary judgment.[1]
Plaintiff Williams Field Services Company ("Williams") seeks a declaratory
judgment and permanent injunction against Defendants Todd, James, and Jeffrey
Greenwood (collectively, the "Greenwoods").[2]  This case arises from a contract
dispute regarding the scope of property rights afforded to Williams under a natural-
gas leasing arrangment.[3]

The parties' motions are ripe for disposition; for the reasons that follow,
Williams's motion is granted and the Greenwoods' motion is denied.

---

[1]   Doc. 65; Doc. 68.
[2]   Doc. 38; Doc. 68.
[3]   Doc. 38.

## I.   LEGAL STANDARD

A party may move for summary judgment where there exists no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.[4] Disputes are genuine where "evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[5]  A party asserting that a fact is or cannot be genuinely disputed must support the assertion by citing to specific materials within the record, or showing that the materials cited do not demonstrate the absence or presence of a genuine dispute.[6]

A factual dispute is material if it "might affect the outcome of the suit under the governing law."[7]  "Factual disputes that are irrelevant or unnecessary will not be counted."[8]  To aid courts within this district in their analysis, Local Rule 56.1 requires the moving party to submit a statement of material facts.[9]  Rule 56.1 further requires the non-moving party to file a "separate, short, and concise" statement of material facts responding to the facts offered by the moving party.[10]

---

[4]   Fed. R. Civ. P. 56(a); *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015).

[5]   *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 31, 326 (3d Cir. 1993)).

[6]   Fed. R. Civ. P. 56(c)(1).

[7]   *Razak v. Uber Tech., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) (internal quotation marks omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[8]   *Anderson*, 477 U.S. at 248.

[9]   L.R. 56.1; *Pinegar v. Shinseki*, 2009 WL 1324125, at *1 (M.D. Pa. May 12, 2009).

[10]  L.R. 56.1.

A nonmoving party who fails to submit a statement of material facts risks conceding to those facts offered by the moving party.[11]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[12]  Moreover, "with respect to an issue on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by showing" that the non-moving party lacks evidence to support her case.[13]

In resolving a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."[14]  If a party fails to properly support an assertion of fact or to properly address another party's assertion of fact as required by Rule 56(c), a court may "consider the fact undisputed for purposes of the motion."[15]  As the United States Supreme Court has emphasized, "[w]hen the moving party has carried its

---

[11]   *E.g.*, *Conboy v. United States Small Bus. Admin.*, 992 F.3d 153, 156 (3d Cir. 2021).
[12]   *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 145 (3d Cir. 2004) (internal quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).
[13]   *Id.* (internal quotation marks and citation omitted).
[14]   *Scott v. Harris*, 550 U.S. 372, 380 (2007).
[15]   Fed. R. Civ. P. 56(e).

burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."[16]

## II.    UNDISPUTED FACTS[17]

The Greenwoods own property in Bridgewater Township and Dimock Township, Susquehanna County, Pennsylvania.[18]  In January 2006, the Greenwoods executed an oil and gas lease with non-party Cabot Oil & Gas Corporation ("Cabot").[19]  The lease covers both the Bridgewater Township and Dimock Township properties,[20]  and expressly grants Cabot the right to drill for and produce natural gas, lay pipelines, and otherwise transport oil or gas from and through the properties.[21]  The lease also contains an integration clause.[22]  It was, however, amended in 2009 to add a provision regarding royalties.[23]

In December 2007, the Greenwoods executed a "right-of-way option" with Cabot regarding the Bridgewater and Dimock properties.[24]  This option grants Cabot and its assigns the right-of-way to "lay, maintain, operate, and replace a pipeline with fittings and appliances for the transportation of water, oil, gas, and

---

[16]   *Scott*, 550 U.S. at 380 (alteration in original) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

[17]   The Greenwoods' responsive statement of material fact does not genuinely dispute any of the facts offered by Williams as required by Local Rule 56.1.  Accordingly, the Court relies in part on the undisputed facts provided by Williams, as well as the relevant evidence in the record.

[18]   Doc. 69 at ¶ 4.

[19]   *Id.* at ¶ 5.

[20]   *Id.* at ¶ 6.

[21]   Doc. 69-3 at ¶ 1; Doc. 69 at ¶ 6.

[22]   *Id.* at ¶ 15.

[23]   Doc. 69-4.

[24]   Doc. 67-2.

other products."[25]  The document does not explicitly reference the 2006 lease,

although both involve the same properties.[26]  The right-of-way option also adds a

dispute-resolution provision regarding Cabot's obligation to pay for damages to the

Greenwoods' crops, timber, or fences.[27]

In September 2016, Cabot constructed the Greenwood R.P2 well pad on the

Bridgewater property.[28]  Cabot subsequently partially assigned its rights under the

2006 lease to Williams in September 2018.[29]  The assignment grants Williams the

right to construct, operate, and maintain a pipeline on the Bridgewater property.[30]

After completing drilling operations in late-2019, Cabot requested Williams to

construct a pipeline from the Greenwood R.P2 well pad to transport the natural gas

produced to market.[31]

The Greenwoods then verbally refused to allow Williams onto the

Bridgewater property to access the property and maintain the subject pipeline.[32]

Williams subsequently commenced this lawsuit, and Cabot completed construction

of the pipeline.[33]  Williams now seeks a declaratory judgment confirming its rights

to access the Bridgewater property under the 2006 lease, and a permanent

---

[25]  *Id.*
[26]  *Id.*; Doc. 69-4.
[27]  Doc. 67-2.
[28]  Doc. 69 at ¶ 13.
[29]  *Id.* at ¶ 14; Doc. 69-6.
[30]  Doc. 69 at ¶ 14.
[31]  *Id.* at ¶¶ 18-19.
[32]  *Id.* at ¶ 36.
[33]  *Id.* at ¶¶ 20, 36.

injunction enjoining the Greenwoods from interfering with Williams' access to the property.[34]

## III.   SUMMARY JUDGMENT

As the parties agree that no genuine factual disputes exist, summary judgment is appropriate.  Williams argues that judgment should be entered in its favor because the Greenwoods neither contest the validity of the 2006 lease nor raise any affirmative defenses against its enforcement.  In response, the Greenwoods claim that the 2007 right-of-way option limited Cabot's and Williams' rights under the 2006 lease to the construction of a single pipeline.  They assert that the 2007 option modified and thus supersedes the original lease.

Under Pennsylvania law, a lease, like any contract, must be "construed in accordance with the terms of the agreement as manifestly expressed."[35]  It is thus generally true that "where a contract refers to and incorporates the provisions of another, both shall be construed together."[36]  Evidence that contracts must be considered as two parts of one transaction include where the agreements reference each other, the amendment indicates that it constitutes the complete agreement, and is indicated explicitly as an amendment.[37]

---

[34]   Doc. 38.

[35]   *T.W. Phillips Gas & Oil Co. v. Jedlicka*, 42 A.3d 261, 267 (Pa. 2012).

[36]   *Trombetta v. Raymond James Fin. Servs., Inc.*, 907 A.2d 550, 560 (Pa. Super. Ct. 2006).

[37]   *See Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 188 (Pa. Super. Ct. 2013).  Though the parties cite *Camp Ne'er Too Late, LP v. Swepi, LP*, 185 F. Supp. 3d 517 (M.D. Pa. 2016) for factors relevant to this determination, the Court concludes it most appropriate to base its decision on the reasoning in *Forest Resources*.

The record contains no evidence that the parties intended the right-of-way option to amend the 2006 lease. While dealing with the same subject matter, the option does not reference the 2006 lease and does not use any words indicating that it is an amendment or modification rather than a freestanding agreement.[38] The 2006 lease also has an integration clause which limits the scope of the agreement to what is contained in that document. Taken together, the Court concludes that the right-of-way option did not constitute a modification or amendment and thus has no bearing on the operation of the 2006 lease.

Because the Greenwoods offer no other defense or legal argument, the Court holds that Williams is entitled to all rights assigned to it by Cabot under the 2018 partial assignment which were initially provided for by the 2006 lease. Williams's motion for summary judgment is therefore granted.

## IV.   PERMANENT INJUNCTION

The Court next considers whether to grant Williams's request for a permanent injunction. Williams seeks to enjoin the Greenwoods from interfering with its ability to access the Bridgewater property to construct, maintain, and service the subject pipeline and its rights under the 2018 partial assignment. The Court considers whether: "(1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive

---

[38] By comparison, the Greenwoods and Cabot amended the lease with a document titled "Oil & Gas Lease Amendment and Ratification" which explicitly refers to the 2006 lease. Doc. 69-4.

relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest."[39]

The Court finds that all elements are met. In Pennsylvania, the "unique and intrinsic value of land" renders any interference with one's contractual rights to real property irreparable harm.[40] Other examples of harm include delays to oil and gas production resulting from a party's inability to access property to which it is entitled.[41] Williams satisfies the requirement of irreparable harm because it is entitled to use the Bridgewater property, and because it presents evidence that any delay in accessing the property would result in damages to the pipeline's production.[42]

Further, it does not appear that the Greenwoods would suffer any harm from an injunction. To the contrary, as they are entitled to royalties from Williams's use of the property, the injunction is to their benefit. The requested injunction is also in the public interest as it would allow Williams to properly service Cabot's natural-gas pipeline, which is beneficial to energy consumers, the environment,

---

[39] *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

[40] *Porter v. Chevron Appalachia, LLC*, 204 A.3d 411, 417 (Pa. Super. Ct. 2019) (internal quotation marks and citations omitted).

[41] *See, e.g.*, *id.*

[42] *See also Texas Eastern Transmission Corp. v. Giannaris*, 818 F. Supp. 755, 760 (M.D. Pa. 1993) ("Plaintiff will be irreparably harmed if Defendants continue to deny them access to the pipeline.").

and the public at large.[43]  Consequently, Williams's request for a permanent injunction is granted.

## V.    CONCLUSION

Williams's motion for summary judgment is granted.  Further, a permanent injunction is hereby entered enjoining the Greenwoods, and anyone acting by, through, under, or on behalf of the Greenwoods, from interfering with or otherwise engaging in conduct that prevents Williams from accessing the Bridgewater Township, Susquehanna County property to construct, lay, operate, and maintain the subject pipeline.  Such injunction shall also prevent the Greenwoods from interfering with Williams's right to access the Bridgewater property under the 2018 partial assignment.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[43]    *Cf.* ("Without proper inspections and maintenance, Plaintiff's pipeline poses a very serious threat of danger to both the public and the environment.").